**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DONNA ARUGU, Individually and On Behalf of All Others Similarly Situated,** § § § | | |
| **Plaintiff,** § § | | |
| **v.** § § | **Civil Action No.** | |
| **TOUCHPOINT 360, LLC and E.A. LANGENFELD ASSOCIATES, LTD.** § § § | **1:18-CV-0343** | |
| **Defendants.** § § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Donna Arugu ("Named Plaintiff" or "Plaintiff") on behalf of herself and all others similarly situated ("Class Members" herein) (Named Plaintiffs and Class Members are collectively referred to herein as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). In order to achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed."

*Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay their Merchandisers and so-called Project Managers (sometimes referred to collectively herein as "Merchandisers") in accordance with the guarantees and protections of the FLSA. Specifically, Defendants have failed and refused to pay their Merchandisers at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek. Instead, Defendants pay their Merchandisers a day rate, usually in the amount of $125.00, for each full day of work, and one-half of that day rate for each day that Defendant record as a half-day of work. Defendants do not pay an overtime premium when their Merchandisers work more than 40 hours in a workweek. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Donna Arugu is an individual who resides in Travis County, Texas. Although she had previously performed the same work as an independent contractor, Touchpoint began treating Named Plaintiff Arugu as an employee on approximately April 18, 2013; the last day that she performed work as an employee for Defendants was on or around December 23, 2016. Named Plaintiff Donna Arugu has consented to be a party-plaintiff to this action, as indicated in her consent form, which is attached hereto as "Exhibit A."

4. The Named Plaintiff and Class Members are Defendants' current and former employees, including Merchandisers and so-called Project Managers (collectively "Merchandisers"), who worked as

such for Defendants in the United States of America and whom Defendants paid a day rate and/or a non-discretionary layover bonus.

5. Touchpoint 360, LLC is a foreign limited liability company that is currently not authorized to do business in the State of Texas, but that has done business in the State of Texas. Its principal office is located in Mt. Prospect, Illinois. It may be served with process by service on its registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

6. E.A. Langenfeld Associates, Ltd. is a foreign corporation that is currently not authorized to do business in the State of Texas, but that has done business in the State of Texas. Its principal office is located in Mt. Prospect, Illinois. It may be served with process by service on its registered agent for service, Mr. Alan B. Patzik, 150 South Wacker Drive, Suite 1500, Chicago, Illinois 60606.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

8. Venue is proper in the Austin Division of the United States District Court for the Western District of Texas. Plaintiff Arugu was an employee of Defendants, she has performed work for Defendants in the Austin, Texas area, and she performed work for, and received compensation from, Defendants while residing in Austin, Texas. In addition, inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

9. At all relevant times, Defendants have acted, directly or indirectly, jointly and singularly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

10. At all times hereinafter mentioned, Defendants have, jointly and singularly, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times, jointly and singularly, "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

14. Defendants contract with clients to provide marketing services throughout the United States.

15. Named Plaintiff worked as an employee for Defendants from April 18, 2013 until December 23, 2016 as a Merchandiser, and later as a so-called Project Manager. Named Plaintiff moved from the Merchandiser position to the Project Manager position in or around March of 2016. However, she performed many of the same job duties as a Project Managers that she performed as a Merchandiser, and Defendants paid her in the same manner—a day rate and layover bonus (both discussed below)—for her work as both a Merchandiser and a Project Manager.

16. As both a Merchandiser and Project Manager, Named Plaintiff performed merchandising work for Defendants' customers. Those customers were often retail hardware stores, such as Ace, True Value, or Home Depot. The work of the Merchandiser and Project Manager consisted of remodeling the customers' stores and setting up merchandise displays, including executing store plans and constructing the customers' Planograms, which are diagrams that depict the placement of retail products in the store. As a Project Manager, Named Plaintiff also coordinated the tasks of the Merchandisers and updated Defendants' corporate office on the progress of work at the customers' locations, but she also continued to perform the work of a Merchandiser.

17. For all times relevant to this action, as Merchandisers and Project Managers, the Plaintiffs' primary job duty for the Defendants has been the performance of manual, non-management work. The Plaintiffs' primary job duty was not the performance of office or non-manual work directly related to Defendants' management or general business operations or those of their customers.

18. The job duties of the Merchandisers and Project Managers for Defendants was and is essentially the same. As a result, each Merchandiser and Project Manager performed the same or similar job duties throughout Defendants' operations.

19. The daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendants. Virtually every job function was

predetermined by Defendants, including the data to compile and schedule of work and related work duties. The Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters.

20. Plaintiffs did not direct the work of two or more employees at any time during their employment as Merchandisers. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

21. Plaintiffs did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and they do not perform work in a recognized field of artistic or creative endeavor.

22. For all times relevant to this action, Named Plaintiffs and Class Members were employees who were not exempt from the protections of the FLSA, and thus entitled to receive overtime compensation at a rate not less than one-and-one-half their regular rates of pay for all work hours in excess of 40 in a workweek.

23. Defendants paid Named Plaintiff and Class Members a day rate for each day's work. That day rate was typically $125.00 per day. In addition, Defendants compensated Named Plaintiff and Class Members at one-half of the day rate if Defendants recorded that they worked half of a day at one of Defendants' customers' locations. Named Plaintiff and Class Members completed and submitted to Defendants forms on which they recorded whether they worked a full day or a half day for Defendants.

24. In addition, Named Plaintiff and Class Members submitted documents to Defendants that showed the actual number of hours that they worked on each day and during each workweek.

25. Defendants did not compensate Named Plaintiff and Class Members on a salary basis or a fee basis pursuant to 29 C.F.R. § 541.600.

26. Named Plaintiff and Class Members typically worked six days per week. Named Plaintiff and Class Members typically worked no fewer than eight (8) hours during each of those days, and they often worked more than 8 hours. As a result, Named Plaintiff and Class Members routinely worked in excess of 40 hours in a workweek. Yet Defendants failed and refused to compensate them at a rate that is not less than one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

27. In addition to their day rates, Defendant also paid Named Plaintiff and Class Members a layover bonus. This layover bonus was typically $50.00 per week, although it has been as high as $75.00 per week.

28. Named Plaintiff and Class Members very often worked out of town, and away from their homes. Because they typically worked Monday through Saturday, Defendants paid the layover bonus to Named Plaintiff and Class Members for laying over on the following Sunday near the location of the job. Defendants also paid this layover bonus on days on which the Plaintiffs traveled to Defendants' customer's locations.

29. Defendants did not pay this layover bonus as a premium rate per hour. In addition, Defendants paid the layover bonus without regard to the number of hours that Named Plaintiff and Class Members worked.

30. This layover bonus is non-discretionary in both the fact of payment and the amount of payment. Stated another way, if Named Plaintiff or Class Members laid over on a Sunday or traveled to their jobs on the day before they were required to start work, they were paid the designated amount as a layover bonus.

31. Because Defendants did not pay the Plaintiffs any overtime compensation at all, Defendants did not include the layover bonus in the calculation of any regular rate of pay for purposes of paying overtime compensation.

32. Defendants have employed and, on information and belief, are employing, other individuals who are performing the same job duties and are compensated under the same payment scheme as Named Plaintiff, but who are classified as independent contractors, and not employees.

33. Defendants have employed and are employing other individuals as Merchandisers and so-called Project Managers who have performed the same job duties under the same pay provisions as Plaintiff Arugu, in that they have performed, or are performing, the same job duties, have been paid a day rate plus non-discretionary layover bonus, have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours over forty in a workweek.

34. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

35. Named Plaintiff and the Class Members have performed, and are performing, the same or similar job duties as one another in that they worked as, and performed the duties of Merchandisers in Defendants' customers' locations throughout the United States.  Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were all paid a day rate plus a non-discretionary layover bonus as described above.  Moreover, Named Plaintiff and Class Members consistently worked in excess of forty (40) hours in a workweek, but Defendants did not pay them at time and one-half their regular rates of pay for all hours worked in excess of forty (40)

in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

36. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying only a day rate and a non-discretionary layover bonus. This policy or practice is and has been, at all relevant times, applicable to the Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All individuals whom Defendants compensated on a day rate basis and/or with a non-discretionary layover bonus in the past three years.**

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with applicable law.

### VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and,

individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

  a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

  b. For an Order awarding Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

  c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

  d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  e. For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

  f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.


  Dated: April 25, 2018

Respectfully submitted,

**MORELAND LAW FIRM, P.C.**
700 West Summit Drive
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier

By:  */s/ Edmond S. Moreland, Jr.*
     Edmond S. Moreland, Jr.
     State Bar No. 24002644
     edmond@morelandlaw.com

Daniel A. Verrett
Texas State Bar No. 24075220
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605
daniel@morelandlaw.com

**ATTORNEYS FOR PLAINTIFF**